## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | |
| The Hertz Corporation, | Chapter 11 |
| Debtor. | Case No. 20-11218 (MFW) |
| Tax I.D. No. 13-1938568 | |
| In re | |
| Hertz Global Holdings, Inc., | Chapter 11 |
| Debtor. | Case No. 20-11219 (MFW) |
| Tax I.D. No. 61-1770902 | |
| In re | |
| Thrifty Rent-A-Car System, LLC, | Chapter 11 |
| Debtor. | Case No. 20-11220 (MFW) |
| Tax I.D. No. 73-0574010 | |
| In re | |
| Thrifty, LLC, | Chapter 11 |
| Debtor. | Case No. 20-11221 (MFW) |
| Tax I.D. No. 73-1554876 | |
| In re | |
| Dollar Thrifty Automotive Group, Inc., | Chapter 11 |
| Debtor. | Case No. 20-11222 (MFW) |
| Tax I.D. No. 73-1356520 | |

| | |
|---|---|
| In re<br><br>Firefly Rent A Car LLC,<br><br>                        Debtor.<br><br>Tax I.D. No. 46-2367114 | Chapter 11<br><br>Case No. 20-11223 (MFW) |
| In re<br><br>CMGC Canada Acquisition ULC,<br><br>                        Debtor.<br><br>Canada Tax I.D. No. 822418471RC0001 | Chapter 11<br><br>Case No. 20-11224 (MFW) |
| In re<br><br>Hertz Aircraft, LLC,<br><br>                        Debtor.<br><br>Tax I.D. No. 26-2976918 | Chapter 11<br><br>Case No. 20-11225 (MFW) |
| In re<br><br>Dollar Rent A Car, Inc.,<br><br>                        Debtor.<br><br>Tax I.D. No. 05-0542273 | Chapter 11<br><br>Case No. 20-11226 (MFW) |
| In re<br><br>Dollar Thrifty Automotive Group Canada Inc.,<br><br>                        Debtor.<br><br>Canada Tax I.D. No. 106533326RC0001 | Chapter 11<br><br>Case No. 20-11227 (MFW) |
| In re<br><br>Donlen Corporation,<br><br>                        Debtor.<br><br>Tax I.D. No. 36-2552662 | Chapter 11<br><br>Case No. 20-11228 (MFW) |

AMERICAS 102856861<br>RLF1 23473424v.1

| | | |
|---|---|---|
| In re | | |
| Donlen FSHCO Company, | | Chapter 11 |
| | Debtor. | Case No. 20-11229 (MFW) |
| Tax I.D. No. 45-5210139 | | |
| In re | | |
| Hertz Canada Limited, | | Chapter 11 |
| | Debtor. | Case No. 20-11230 (MFW) |
| Canada Tax I.D. No. 102337847RC0001 | | |
| In re | | |
| Donlen Mobility Solutions, Inc., | | Chapter 11 |
| | Debtor. | Case No. 20-11231 (MFW) |
| Tax I.D. No. 20-0080075 | | |
| In re | | |
| DTG Canada Corp., | | Chapter 11 |
| | Debtor. | Case No. 20-11232 (MFW) |
| Canada Tax I.D. No. 887612711RC0001 | | |
| In re | | |
| DTG Operations, Inc., | | Chapter 11 |
| | Debtor. | Case No. 20-11233 (MFW) |
| Tax I.D. No. 73-1389882 | | |
| In re | | |
| Hertz Car Sales LLC, | | Chapter 11 |
| | Debtor. | Case No. 20-11234 (MFW) |
| Tax I.D. No. 80-0033698 | | |

AMERICAS 102856861
RLF1 23473424v.1

| | |
|---|---|
| In re<br><br>DTG Supply, LLC,<br><br>                    Debtor.<br><br>Tax I.D. No. 73-1325498 | Chapter 11<br><br>Case No. 20-11235 (MFW) |
| In re<br><br>Hertz Global Services Corporation,<br><br>                    Debtor.<br><br>Tax I.D. No. 22-3741182 | Chapter 11<br><br>Case No. 20-11236 (MFW) |
| In re<br><br>Hertz Local Edition Corp.,<br><br>                    Debtor.<br><br>Tax I.D. No. 13-3053797 | Chapter 11<br><br>Case No. 20-11237 (MFW) |
| In re<br><br>Hertz Local Edition Transporting, Inc.,<br><br>                    Debtor.<br><br>Tax I.D. No. 22-3376683 | Chapter 11<br><br>Case No. 20-11238 (MFW) |
| In re<br><br>Donlen Fleet Leasing Ltd.,<br><br>                    Debtor.<br><br>Canada Tax I.D. No. 136785763RC0001 | Chapter 11<br><br>Case No. 20-11239 (MFW) |
| In re<br><br>Hertz System, Inc.,<br><br>                    Debtor.<br><br>Tax I.D. No. 36-2025222 | Chapter 11<br><br>Case No. 20-11240 (MFW) |

AMERICAS 102856861<br>RLF1 23473424v.1

| | |
|---|---|
| In re<br><br>Smartz Vehicle Rental Corporation,<br><br>               Debtor.<br><br>Tax I.D. No. 45-2722986 | Chapter 11<br><br>Case No. 20-11241 (MFW) |
| In re<br><br>Thrifty Car Sales, Inc.,<br><br>               Debtor.<br><br>Tax I.D. No. 73-1554875 | Chapter 11<br><br>Case No. 20-11242 (MFW) |
| In re<br><br>Hertz Technologies, Inc.,<br><br>               Debtor.<br><br>Tax I.D. No. 22-3108869 | Chapter 11<br><br>Case No. 20-11243 (MFW) |
| In re<br><br>TRAC Asia Pacific, Inc.,<br><br>               Debtor.<br><br>Tax I.D. No. 73-1354213 | Chapter 11<br><br>Case No. 20-11244 (MFW) |
| In re<br><br>Hertz Transporting, Inc.,<br><br>               Debtor.<br><br>Tax I.D. No. 13-3215204 | Chapter 11<br><br>Case No. 20-11245 (MFW) |
| In re<br><br>Rental Car Group Company, LLC,<br><br>               Debtor.<br><br>Tax I.D. No. 81-0852831 | Chapter 11<br><br>Case No. 20-11246 (MFW) |

AMERICAS 102856861<br>RLF1 23473424v.1

In re

Rental Car Intermediate Holdings, LLC,

                                    Debtor.

Tax I.D. No. 35-2542459

Chapter 11

Case No. 20-11247 (MFW)

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

The debtors and debtors in possession (collectively, the "**Debtors**," and, together with their non-Debtor affiliates, the "**Company**") in the above-captioned cases hereby file this motion (the "**Motion**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Jamere Jackson in Support of Debtors' Petitions and Requests for First Day Relief* (the "**First Day Declaration**"),[1] filed concurrently herewith.  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully state as follows:

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of the Order directing the joint administration of these Chapter 11 Cases (as defined below) for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases under the case of The Hertz Corporation, and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

---

[1]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

6

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*, | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |

2.      The Debtors also propose, to include the following footnote in each pleading filed and notice mailed by the Debtors:

> The last four digits of The Hertz Corporation's tax identification number are 8568.  The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928.  Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

3.      The Debtors further request the Clerk of this Court to make an entry on the docket of each of the Chapter 11 Cases, except that of The Hertz Corporation, substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Bankruptcy Rule 1015(b) directing the joint administration and procedural consolidation of the chapter 11 cases of The Hertz Corporation and its affiliated debtors.  The docket in the case of The Hertz Corporation, Case No. 20-11218 (MFW) should be consulted for all matters affecting these cases.

4.      The Debtors further request that the Court order that the foregoing caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

5.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these Chapter 11 Cases (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

6.      The predicates for the relief requested by this Motion are Rule 1015(b) of the Federal Rules of Bankruptcy (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

7.      Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

8.      The Company is a leading provider of vehicle rentals around the world, serving customers under the Hertz, Dollar, Thrifty, and Firefly brands.  The Company and its franchisees operate a total of more than 10,000 locations across North America, Europe, Latin America, Africa, Asia, Australia, the Caribbean, the Middle East and New Zealand.  Hertz's motto, "we're here to get you there," reflects the Company's fundamental function: to help its customers move about and explore, whether close to home or on the other side of the globe.

9.      In addition to their vehicle rental businesses, the Debtors offer leasing and fleet management services in the United States and Canada through Debtor Donlen Corporation ("**Donlen**") and certain of its subsidiaries.  Donlen provides a variety of fleet services to North American companies that operate vehicle fleets of all different sizes, allowing customers to focus on their core businesses while Donlen helps them achieve efficiencies in their fleet operations.

8

10.     With air travel at record levels in 2018 and 2019, the Company was prospering.  It reported adjusted corporate EBITDA of $433 million and $649 million in those years, respectively, and, through the end of 2019, achieved ten consecutive quarters of year-over-year revenue growth.  In March of 2020, however, the Company's business was acutely impacted by reductions in travel and restrictions on movement brought about by the coronavirus pandemic. Whether voluntarily or by government mandate, the air travelers the Company serves largely stopped flying and its local customers largely stopped driving.  The effect on the Company's revenue was devastating.

11.     At the same time, the crisis subjected the Company to unanticipated demands on its cash reserves.  A sharp and unexpected reduction in used car values precipitated by the coronavirus crisis burdened the Company with a substantial cash payment due April 27, 2020 in connection with its primary U.S. rental fleet financing arrangement.  The Company elected not to consume its precious liquidity and did not make that payment.  A short forbearance and waiver period allowed the Company to reach accords with creditors in Europe and Australia on additional temporary or permanent waivers.  However, it failed to yield a longer-term solution with the Company's primary U.S. and Canadian creditor groups.  Accordingly, the Debtors commenced these Chapter 11 Cases with the goals of stabilizing their operations, assessing their options, and charting a course for a strong future.

12.     Additional background and information regarding the Company, including its business operations, its corporate and capital structure, its restructuring activities, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

AMERICAS 102856861
RLF1 23473424v.1

**BASIS FOR RELIEF**

13.     Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its affiliates.  Fed. R. Bankr. P. 1015(b).

14.     Further, Local Rule 1015-1 provides in relevant part as follows:

> An order of joint administration may be entered . . . upon the filing of a motion for joint administration . . . supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Local Rule 1015-1.

15.     The Hertz Corporation and all the other Debtors in these Chapter 11 Cases are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code.  Thus, Bankruptcy Rule 1015 and Local Rule 1015-1 authorize the Court to grant the relief requested herein.

16.     Joint administration of the Chapter 11 Cases is warranted because it will significantly ease the administrative burden on the Court and all parties in interest.  The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases may affect all of the Debtors.  If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping services.  This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates as well as the resources of this Court and of other parties in interest.

17.     Joint administration will permit the Clerk of the Court to use a single docket for all of the Debtors' Chapter 11 Cases and combine notices to creditors and other parties in interest, allowing the U.S. Trustee and all parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.  Therefore, joint administration will promote the economical and

efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

18.     Joint administration will not give rise to any conflict of interest among the Debtors' estates.  The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the consolidated monthly operating reports on a debtor-by-debtor basis.  If applicable, each creditor may file a proof of claim against the applicable estate against which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate.  The recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' Chapter 11 Cases.  The Court will also be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files.

19.     Joint administration is routinely granted in this Court for interrelated chapter 11 cases and is generally noncontroversial.  *See, e.g.*, *In re CraftWorks Parent, LLC*, No. 20-10475 (BLS) (Bankr. D. Del. March 4, 2020); *In re VIP Cinema Holdings,* No. 20-10345 (MFW) (Bankr. D. Del. Feb. 19, 2020); *In re Earth Fare Inc.,* No. 20-10256 (KBO) (Bankr. D. Del. Feb. 6, 2020); *In re GCX Limited,* No. 19-12031 (CSS) (Bankr. D. Del. Sept. 21, 2019); *In re Joerns WoundCo Holdings Inc.*, No. 19-11401 (JTD) (Bankr. D. Del. June 26, 2019); *In re J & M Sales Inc.,* No. 18-11801 (LSS) (Bankr. D. Del. Aug. 7, 2018).[2]

---

[2]     Because of the voluminous nature of the order cited herein, such orders have not been attached to this Motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

AMERICAS 102856861
RLF1 23473424v.1

20.    Further, the Debtors' request for an order confirming the proposed caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code even though it does not list each debtor's name, address, and tax identification number, is also warranted.  Indeed, in other jointly administered cases involving a large number of debtors, courts in this District have approved case captions that do not list the name, address, and last four digits of each debtor's taxpayer identification number in the caption, and have found such case captions to be appropriate.  *See*, *e.g.*, *In re Quorum Health Corp.*, No. 20-10766 (KBO) (Bankr. D. Del. Apr. 8, 2020); *In re Mattress Firm*, No. 18-12241 (CSS) (Bankr. D. Del. Oct. 5, 2018); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. June 5, 2014); *In re DSI Holdings, Inc.*, No. 11-11941 (KJC) (Bankr. D. Del. June 28, 2011).

21.    No administrative or scheduling orders previously entered in these Chapter 11 Cases will require modification if this Motion is granted.  Mailing lists in each of these Chapter 11 Cases will be consolidated for future noticing requirements.  Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interest of all parties, and should be granted.

## NOTICE

22.    Notice of this Motion has been provided to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the U.S. Notes Agent; (iii) the Senior Credit Agreement Agent; (iv) the administrative agent under the ALOC Facility; (v) the successor trustee under the Promissory Notes; (vi) the U.S. ABS Agent; (vii) the indenture trustee under the HFLF ABS Notes; (viii) the administrative agent and collateral agent under the U.S. Vehicle RCF; (ix) the indenture trustee under the European Vehicle Notes; (x) the administrative agent and collateral agent under the European ABS Notes; (xi) the indenture trustee and collateral

12

agent under the Hertz Canadian Securitization Notes; (xii) the lender under the Donlen Canada Securitization Program; (xiii) the administrative agent and the security trustee under the Australian Securitization Notes; (xiv) the lender under the New Zealand RCF; (xv) the lender under the U.K. Financing Facility; (xvi) holders of the fifty (50) largest unsecured claims against the Debtors (on a consolidated basis); (xvii) the Internal Revenue Service; (xviii) the Securities and Exchange Commission; (xix) the United States Attorney for the District of Delaware; (xx) any such other party entitled to notice pursuant to Local Rule 9013-1(m); (xxi) the state attorneys general for all states in which the Debtors conduct business; and (xxii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made by the Debtors to this Court or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court grant the relief requested in this Motion, the Order, and such other and further relief as is just and proper.

AMERICAS 102856861
RLF1 23473424v.1

Dated: May 24, 2020

*/s/ Mark D. Collins*
**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Collins@rlf.com
Knight@rlf.com
Haywood@rlf.com
DeLillo@rlf.com
Noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E. Lauria (*pro hac vice* pending)
Matthew C. Brown (*pro hac vice* pending)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:     (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (*pro hac vice* pending)
David M. Turetsky (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone:     (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com

Jason N. Zakia (*pro hac vice* pending)
111 South Wacker Drive
Chicago, IL 60606
Telephone:     (312) 881-5400
jzakia@whitecase.com

Ronald K. Gorsich (*pro hac vice* pending)
Aaron Colodny (*pro hac vice* pending)
Andrew Mackintosh (*pro hac vice* pending)
Doah Kim (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:     (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Proposed Co-Counsel to the Debtors and Debtors-in-Possession*

AMERICAS 102856861

**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | |
| The Hertz Corporation, | Chapter 11 |
| Debtor. | Case No. 20-11218 (MFW) |
| Tax I.D. No. 13-1938568 | |
| In re | |
| Hertz Global Holdings, Inc., | Chapter 11 |
| Debtor. | Case No. 20-11219 (MFW) |
| Tax I.D. No. 61-1770902 | |
| In re | |
| Thrifty Rent-A-Car System, LLC, | Chapter 11 |
| Debtor. | Case No. 20-11220 (MFW) |
| Tax I.D. No. 73-0574010 | |
| In re | |
| Thrifty, LLC, | Chapter 11 |
| Debtor. | Case No. 20-11221 (MFW) |
| Tax I.D. No. 73-1554876 | |
| In re | |
| Dollar Thrifty Automotive Group, Inc., | Chapter 11 |
| Debtor. | Case No. 20-11222 (MFW) |
| Tax I.D. No. 73-1356520 | |

| | |
|---|---|
| In re<br><br>Firefly Rent A Car LLC,<br><br> Debtor. <br>Tax I.D. No. 46-2367114 | Chapter 11<br><br>Case No. 20-11223 (MFW) |
| In re<br><br>CMGC Canada Acquisition ULC,<br><br> Debtor. <br>Canada Tax I.D. No. 822418471RC0001 | Chapter 11<br><br>Case No. 20-11224 (MFW) |
| In re<br><br>Hertz Aircraft, LLC,<br><br> Debtor. <br>Tax I.D. No. 26-2976918 | Chapter 11<br><br>Case No. 20-11225 (MFW) |
| In re<br><br>Dollar Rent A Car, Inc.,<br><br> Debtor. <br>Tax I.D. No. 05-0542273 | Chapter 11<br><br>Case No. 20-11226 (MFW) |
| In re<br><br>Dollar Thrifty Automotive Group Canada Inc.,<br><br> Debtor. <br>Canada Tax I.D. No. 106533326RC0001 | Chapter 11<br><br>Case No. 20-11227 (MFW) |
| In re<br><br>Donlen Corporation,<br><br> Debtor. <br>Tax I.D. No. 36-2552662 | Chapter 11<br><br>Case No. 20-11228 (MFW) |

2

| | | |
|---|---|---|
| In re | | |
| Donlen FSHCO Company, | | Chapter 11 |
| | Debtor. | Case No. 20-11229 (MFW) |
| Tax I.D. No. 45-5210139 | | |
| In re | | |
| Hertz Canada Limited, | | Chapter 11 |
| | Debtor. | Case No. 20-11230 (MFW) |
| Canada Tax I.D. No. 102337847RC0001 | | |
| In re | | |
| Donlen Mobility Solutions, Inc., | | Chapter 11 |
| | Debtor. | Case No. 20-11231 (MFW) |
| Tax I.D. No. 20-0080075 | | |
| In re | | |
| DTG Canada Corp., | | Chapter 11 |
| | Debtor. | Case No. 20-11232 (MFW) |
| Canada Tax I.D. No. 887612711RC0001 | | |
| In re | | |
| DTG Operations, Inc., | | Chapter 11 |
| | Debtor. | Case No. 20-11233 (MFW) |
| Tax I.D. No. 73-1389882 | | |
| In re | | |
| Hertz Car Sales LLC, | | Chapter 11 |
| | Debtor. | Case No. 20-11234 (MFW) |
| Tax I.D. No. 80-0033698 | | |

3

| | |
|---|---|
| In re<br><br>DTG Supply, LLC,<br><br>          Debtor.<br><br>Tax I.D. No. 73-1325498 | Chapter 11<br><br>Case No. 20-11235 (MFW) |
| In re<br><br>Hertz Global Services Corporation,<br><br>          Debtor.<br><br>Tax I.D. No. 22-3741182 | Chapter 11<br><br>Case No. 20-11236 (MFW) |
| In re<br><br>Hertz Local Edition Corp.,<br><br>          Debtor.<br><br>Tax I.D. No. 13-3053797 | Chapter 11<br><br>Case No. 20-11237 (MFW) |
| In re<br><br>Hertz Local Edition Transporting, Inc.,<br><br>          Debtor.<br><br>Tax I.D. No. 22-3376683 | Chapter 11<br><br>Case No. 20-11238 (MFW) |
| In re<br><br>Donlen Fleet Leasing Ltd.,<br><br>          Debtor.<br><br>Canada Tax I.D. No. 136785763RC0001 | Chapter 11<br><br>Case No. 20-11239 (MFW) |
| In re<br><br>Hertz System, Inc.,<br><br>          Debtor.<br><br>Tax I.D. No. 36-2025222 | Chapter 11<br><br>Case No. 20-11240 (MFW) |

4

| | |
|---|---|
| In re<br><br>Smartz Vehicle Rental Corporation,<br><br>                      Debtor.<br><br>Tax I.D. No. 45-2722986 | Chapter 11<br><br>Case No. 20-11241 (MFW) |
| In re<br><br>Thrifty Car Sales, Inc.,<br><br>                      Debtor.<br><br>Tax I.D. No. 73-1554875 | Chapter 11<br><br>Case No. 20-11242 (MFW) |
| In re<br><br>Hertz Technologies, Inc.,<br><br>                      Debtor.<br><br>Tax I.D. No. 22-3108869 | Chapter 11<br><br>Case No. 20-11243 (MFW) |
| In re<br><br>TRAC Asia Pacific, Inc.,<br><br>                      Debtor.<br><br>Tax I.D. No. 73-1354213 | Chapter 11<br><br>Case No. 20-11244 (MFW) |
| In re<br><br>Hertz Transporting, Inc.,<br><br>                      Debtor.<br><br>Tax I.D. No. 13-3215204 | Chapter 11<br><br>Case No. 20-11245 (MFW) |
| In re<br><br>Rental Car Group Company, LLC,<br><br>                      Debtor.<br><br>Tax I.D. No. 81-0852831 | Chapter 11<br><br>Case No. 20-11246 (MFW) |

AMERICAS 102856861<br>RLF1 23473424v.1

| | |
|---|---|
| In re<br><br>Rental Car Intermediate Holdings, LLC,<br><br>                        Debtor.<br><br>Tax I.D. No. 35-2542459 | Chapter 11<br><br>Case No. 20-11247 (MFW) |

## ORDER DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the Debtors for entry of an order (this "**Order**") pursuant to section 1015(b) of the Bankruptcy Code, authorizing the joint administration and consolidation of these Chapter 11 Cases for procedural purposes, as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and the record of the Hearing; and upon consideration of the First Day Declaration; and the Court having found and determined that good and sufficient cause exists for the granting of the relief requested in the Motion, and such relief is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

6

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned cases shall be consolidated for procedural purposes only and shall be jointly administered under the case number assigned to The Hertz Corporation, Case No. 20-11218 (MFW), as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*, | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |

3.      The caption shall include the following footnote in each pleading filed and notice mailed by the Debtors:

> The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' proposed claims and noticing agent at https://restructuring.primeclerk.com/hertz.

4.      The foregoing caption and footnote satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7

5.      A docket entry shall be made in each of the Chapter 11 Cases, except that of The

Hertz Corporation, substantially as follows:

>       The Bankruptcy Court has entered an order in accordance with
>       Bankruptcy Rule 1015(b) directing the joint administration and
>       procedural consolidation of the chapter 11 cases of The Hertz
>       Corporation and its affiliated debtors.  The docket in the case of The
>       Hertz Corporation, Case No. 20-11218 (MFW) should be consulted
>       for all matters affecting these cases.

6.      Any creditor filing a proof of claim against any of the Debtors shall clearly assert

such claim against the particular Debtor obligated on such claim and not against the jointly

administered Debtors, except as otherwise provided in any other order of this Court.

7.      The procedural consolidation shall be for administrative purposes only and

nothing contained in the Motion or this Order shall be deemed or construed as directing or

otherwise effecting the substantive consolidation of the Chapter 11 Cases.

8.      This Order shall take effect immediately upon entry.

9.      This Court retains jurisdiction with respect to all matters arising from or related to

the enforcement of this Order.


Dated: _____, 2020
        Wilmington, Delaware



_____
UNITED STATES BANKRUPTCY JUDGE


8